STATE OF NEBRASKA, EX REL. CHARLES Q. DE FRANCE ET AL., V. DOUGLAS FRYE.

FILED NOVEMBER 20, 1901.   No. 12,363.

1. **Election Law: OFFICIAL BALLOT: DUTY OF PROPER OFFICER.** It is the duty of the proper officer, in preparing all official ballots, to put at the top and left side of the ballot, in black-faced capital type, not less than one-eighth of an inch high, the name of each party having candidates on the ballot, and to the right of each party a circle one-half inch in diameter, with leaders connecting the party name to such circle.

2. **Form of Ballot: UNIFORMITY.** The form of the ballot should be uniform throughout the state.

ORIGINAL proceeding in mandamus to require a county clerk to prepare an official ballot in a manner specified. *Writ allowed.*

*Doyle & Berge,* for relator.

*George A. Adams* and *Norris Brown,* contra.

Argued orally by *Doyle* and *Berge,* for relator; by *Brown* and *Adams,* contra.

NORVAL, C. J.

This was an action in mandamus brought against the respondent, as county clerk of Lancaster county, for the purpose of determining the arrangement or form of the official ballot for use at the general election held in November, 1901. The decision in the case was announced

56

orally from the bench prior to the election, and the views of the court are incorporated in this opinion.

The record shows that Andrew Wanmer was the nominee of the people's independent party and democratic party for the office of sheriff of Lancaster county, and it was and is his contention that it was the duty of the respondent, in preparing and printing the official ballot, to cause to be printed, at the top and left side of the ballot, the name of each party having candidates on the ballot, and to the right of each party name a circle, with leaders connecting the party name to the circle, notwithstanding the nominees of the people's independent and democratic parties are the same. The respondent contends that it is his duty to place at the top of the ballot, and immediately under the other words, "Democrat," "People's Independent," and connect the two with a bracket, and have leaders connecting the bracketed names with a circle, thus:

"To vote a straight ticket, make a cross within your party circle.

"Republican ...... ........ ........ ..... ....... ○
Democrat            ⎫
People's Independent ⎭ ···················· ○
Prohibition .... ...... ...... ...... ...... ....... ○"

There is ground for argument in support of either proposition. The respondent is entrenched behind the form of the official ballot contained in Schedule A of the election law, Compiled Statutes, 1901, p. 622. The form there prescribed is identical with that set out above. The relators base their right to relief upon the provisions of section 140, chapter 26, Compiled Statutes, 1901, which reads: "All official ballots prepared under the provisions of this act shall be white in color, and of a good quality of news printing-paper, and the names shall be printed thereon in black ink. At the top and left side of the ballot shall be printed in black-faced capital type, not less than one-eighth of an inch high, the names of each party having candidates on the ballot; and to the right of each party name, a circle

one-half inch in diameter, with leaders connecting the party name to the circle. Over the top circle shall appear the following printed instructions: 'To vote a straight ticket make a cross within your party circle.' Every ballot shall further contain the name of every candidate whose nomination for any office specified in the ballot has been certified or filed according to the provisions of this act, and no other names, and the name of no candidate shall appear on the ballot more than once. The names of candidates for each office to be arranged as follows: The party polling the highest number of votes at the last general election for the first set of candidates on the state ticket, shall have the right of its nominees immediately beneath the name of the office for which such candidate was nominated; the party polling the second highest number of votes shall have the second place; the party polling the third highest number shall have the third place, and so on, leaving those candidates whose names appear upon said ballot by petition to appear beneath all other candidates placed there by nomination. The party names at the top of the ballot shall have the same order of priority as is here provided for names of party candidates. * * * The form of the ballot shall, as near as possible, conform to schedule 'A' hereof," etc.

The question is, what construction shall obtain,—the one which gives force and effect to the plain and explicit provisions of the statute, or the other which makes the wording of the statute yield to the form prescribed in Schedule A? It would seem that form should give way to substance. It is manifest that the form of the ballot as given in the schedule would be inappropriate, and could not be used in any county where the nominees of two or more parties are not identical all the way down the line. Thus, if the nominees of the people's independent and democratic parties should be the same, except as to the office of overseer of roadways, and there should be no fusion on such office, the form of ballot laid down in Schedule A would be wholly inapplicable, and could not be used. To construe

the statute according to its letter would render the form of the ballot uniform throughout the state, and not be so liable to confuse the voters as if the form given in the schedule should be held proper where there existed complete fusion all along the line between two or more political parties, and the letter of the statute control when fusion on nominees was not completed as to every office. Every consideration demands that the form of the ballot should be the same throughout the state, instead of one form in one county and a different form in another county. We are unanimously of the opinion that the relator was entitled to the relief sought herein, and the writ is accordingly allowed.

WRIT ALLOWED.